

# The Attorney General of Texas

March 4, 1980

**MARK WHITE**
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

701 Commerce, Suite 200
Dallas, TX. 75202
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

723 Main, Suite 610
Houston, TX. 77002
713/228-0701

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4313 N. Tenth, Suite F
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable George N. Rodriguez, Jr.
El Paso County Attorney
Room 201, City–County Building
El Paso, Texas 79901

Opinion No. MW–143

Re: Operation of a jail commissary at a profit.

Dear Mr. Rodriguez:

You ask whether the El Paso County Jail may maintain a jail store. If so, you wish to know whether the store may be operated at a profit, provided all profits are spent for the benefit, education, and welfare of the jail inmates. We assume that none of the profits are used to provide items which are required to be furnished to inmates under the minimum standards of the Commission on Jail Standards.

Attorney General Opinion C–67 (1963) considered a similar question and found no express or implied authority for the operation of a "commissary" within the county jail. However, it noted that article 5116, V.T.C.S., required the jailer "to take charge of the jail, and supply the wants of those therein confined" and concluded that toilet articles and other personal items could be sold at cost to prisoners. (Emphasis added).

After Attorney General Opinion C–67 (1963) was issued, the legislature enacted article 5115.1, V.T.C.S., which created the Commission on Jail Standards. Acts 1975, 64th Leg., ch. 480, at 1278. The commission is required to establish minimum standards for the construction and operation of county jails and for the care of prisoners. V.T.C.S. art. 5115.1, § 9(a). The commission has promulgated the following rule regarding the establishment of a commissary:

> Space appropriate to capacity of the jail should be provided for an inmate commissary, or a written program shall be established for inmates to obtain supplies from nearby sources.

Texas Commission on Jail Standards, Minimum Jail Standards, Rule 217.05.022. See also Rules 217.07.021 and 217.22.001(c). In our opinion, a county jail may now maintain a commissary pursuant to the regulation of the Commission on Jail Standards.

You also ask whether the commissary may be operated at a profit, provided all profits are spent for the benefit, education, and welfare of the jail inmates. Attorney General Opinion C-67 (1963) stated that the sheriff could not operate a profit making commissary. However, the principal reason for that conclusion was that the commissary profits went to the use and benefit of the sheriff's office. Where the profits are spent for the benefit of the jail inmates, they help "supply the wants" of persons confined in jail. Consequently, we believe the operation of a profit making commissary would be consistent with article 5116, V.T.C.S., where the profits are spent for the benefit, education, and welfare of jail inmates.

## SUMMARY

The El Paso County Jail may maintain a jail store and operate it at a profit, provided all profits are spent for the benefit, education, and welfare of jail inmates.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

TED L. HARTLEY
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

C. Robert Heath, Chairman
Jim Allison
Bob Gammage
Susan Garrison
Rick Gilpin
Sue Lowe